12                       Murdock, Trustee, Etc., v. McNeely et al.

---

16                  PRACTICE—DEPOSITIONS—EVIDENCE—WITNESS.

[Hamilton Circuit Court, November Term, 1885.]

Cox, Smith and Swing, JJ.

* Murdock, Trustee, Etc., v. McNeely et al.

1. Bill Does not Contain all the Evidence.

Stating that a decision of the supreme court, giving the name, volume and page, was affirmed, and it was agreed that the statement of facts therein showed the nature of a title, does not make them a part of the bill of exceptions.

2. Objection to Admission of Deposition Does not go to Mode of Taking.

A mere professional statement of counsel should not be taken to prove that a resident witness whose deposition is offered is sick and unable to attend, but if such proof is allowed, an objection to the admission of the deposition does not go to the mode of taking such testimony, which is therefore waived.

3. Premature Objection to Testimony of a Witness.

If a witness is incompetent only to certain matters, an objection to him made before he testifies at all is premature. The objector should wait to see what is proposed to proved.

*This case was affirmed by the supreme court, without report December, 20, 1888.

4. COMPETENCY OF ADVERSE PARTIES AS WITNESSES.

    In an action brought against a trustee under a will, to rescind a conveyance to a testator, on the ground of fraud, the adverse parties are not incompetent.

ERROR to the Superior Court of Cincinnati.

SMITH, J.

The action below was brought by the McNeelys against Murdock, as trustee under the will of Stephen Clark, deceased, to set aside a deed made by them to Clark, in his life-time, on the ground that it had been improperly and fraudulently obtained from them. In the Superior Court the decree was in favor of the plaintiff as to a part of the land described in the deed, and his petition in error was filed to obtain the reversal of that judgment. Among other rulings made by the circuit court were the following:

1. The bill of exceptions showed, that at the trial of the case the plaintiffs offered in evidence the deposition of Judge O'Connor, of Cincinnati. The defendant objected to its introduction, on the ground that he was a resident of Hamilton county, but as stated in the bill, "it appearing to the court, from the professional statement of counsel for plaintiff, that the witness was sick and unable to appear in court and testify, the objection was overruled, and the defendant excepted."

Under the statute, when objection was made to the deposition on the ground stated, it was incumbent on the plaintiff, by proper proof, to show either that the witness did not reside in the county, or was absent therefrom, or from infirmity or other reason stated in sec. 5263, Rev. Stat., he was unable to attend court. By sec. 5261, the testimony of witness may be taken by affidavit,—by deposition and by oral examination. We are aware that in most of our courts it is usual, in matters addressed to the discretion of the court, to have the professional statement of counsel, and act upon it as if given under the sanction of an oath, and this with the general concurrence of the members of the bar. But if this mode of proof, in a case of the character under consideration, was objected to, we think the facts requisite to be shown were not legally to be proved in that way. But the objection of the defendant should have been made to the manner in which it was sought to be shown, that the court might be advised as to the real nature of the objection. But this was not done in this case—the only objection being to the *decision itself*, which was clearly right if the fact found was properly established; and we think that the defendant, not then objecting to the statement of counsel, waived his right now to object to it. See Elliott v. Plattor, 43 O. S., 198.

2. Several of the plaintiffs offered themselves as witnesses on the trial of the case, and the defendant objected to each of them testifying, and the mode of objection in each case is the same. In the case of one it is stated thus: "The plaintiff then offered a witness Samuel McNeely, one of the plaintiffs; whereupon the defendant objected, which objection the court overruled and defendant excepted." The witness thereupon testified, but no further objection was made to any evidence given by him.

Parties to a suit are not incompetent to testify as witnesses, even when the adverse party, as in this case, is the trustee of a deceased person. The statute, sec. 5245, provides, that they shall not testify except in certain cases, and as to certain matters. An objection, therefore, interposed to a *competent witness*, before he testifies *at all*, is premature, and is properly overruled by the court. The party desiring to object must wait and see what it is proposed the witness shall say, and if it is not allowable for him to testify as to such matters, the objection can then properly be made. But in a case like the one at bar, as we understand it, the section referred to, in effect, provides, that parties to the action stand on the same footing as other witnesses. It states expressly that the provisions of the section shall not apply to actions or proceedings involving the validity of a deed or will, and such we think is this case. This construction was put upon this statute by the district court of Greene county, some years ago, and

exception having been taken to the ruling, the Supreme Court either refused leave to file a petition in error, or affirmed the judgment without reporting the case fully.

3. The principal question argued in the case was, whether the judgment of the Superior Court was against the weight of the evidence—but the claim is made by the counsel for the defendant in error that the court cannot consider that assignment, for the reason that it does not appear from the bill of exceptions that the reviewing court has before it all of the evidence which was before the trial court.

The rule on this point is clearly settled in Ohio, viz.: that it must be expressly certified in the bill of exceptions itself, or appear therefrom by necessary implication, that it contains all of the evidence given upon the trial ; and that this is *indispensably necessary*, to enable the reviewing court to determine whether the court below did or did not err in overruling a motion for a new trial, for the alleged reason that the verdict or finding is against the weight of the evidence.   Tilton v. Morgaridge, 12 O. S., 98, 103.

Or, as stated in another case, the *whole evidence* must be embodied in the bill of exceptions, or in some manner so made part of it, that there can be no doubt that the reviewing court has *precisely the same evidence* before it which was before the trial court.   Hicks v. Person, 19 O., 426.   The *substance* of the evidence is not sufficient.   Railway v. Probst, 30 O. S., 104, 106.   And it has been held in Armleder v. Lieberman, 33 O. S., 77, that although the bill of exceptions *states* that it contains all the evidence offered on the trial, yet if on examination it shows that material evidence or documents referred to are omitted, the reviewing court cannot reverse the judgment on the ground that the verdict is against the evidence.

In the bill of exceptions in this case, in several places, it is stated, that the deposition of a witness was offered and read in evidence, and "the said deposition having been destroyed in the court house fire after the case was heard, but before it was decided, a statement ·of the contents is hereto attached marked," etc.   This we think may be held sufficient.   Webster gives the meaning of the word *statement* as follows:   "A formal embodiment, in language, of facts or opinions: a narrative, or recital."   The bill states that the original deposition being destroyed, that a narrative, or recital of what it contained, is attached—this is nearly equivalent to saying that a copy is given.

The bill further states that the plaintiff offered in evidence the records of sundry cases in the superior and common pleas courts—there is no statement of the purpose for which they were offered, or of the contents of such records, or what they proved or even tended to prove.   Then follows this statement:   "All the above records were destroyed in the court house fire—a statement of said cases is hereto attached, marked B, being the only thing obtainable."   This exhibit B is what looks like the ordinary entries of a case upon the appearance docket. Again, the bill states, that "the plaintiff offered in evidence Gibson v. McNeely, 11, O. S., 113, and it was agreed that Samuel Still was the source of title, and that the agreed statement of facts set out in said decision showed the nature of the title of the McNeelys and Mrs. Gibson prior to the partition afterwards made between them."   (The state of the title of these parties was one of the issues made in the case.)   But the decision referred to, and the agreed statements of facts mentioned, are not in any way made a part of the bill or sttached thereto, or otherwise referred to.

What a reviewing court could or ought to do in a case where it was manifest that the evidence submitted in the trial court, or some material part thereof, had without the fault of the plaintiff in error been destroyed, so that it was not possible to get it into the bill of exceptions, it is not necessary that we should decide in this case.   We are of the opinion that while it might be a great misfortune and prejudice to the person desiring to have the judgment reviewed, yet that the rule is one which is obligatory upon the court, and in a proceeding of this kind could

not be waived or corrected *by* the court. That it is an accident, which cannot be cured, and is like a case where a party before a trial, by some mischance, is deprived of evidence absolutely essential to a proper adjudication of his case.

But in this case there was evidence offered, to wit, the decision and agreed statement of facts before mentioned, which was still in existence, or which could readily have been made part of the bill of exceptions; but this was not done, the reference to them having no such effect.

Again, the bill of exceptions does not state in terms as it should, that it contains all the evidence heard on the trial. There is such a statement at one point in the bill, when the court made a ruling as to the rights of parties, but gave leave to them to offer further evidence as to the state of the account between them. This was done, as appears from the bill; but *after this* there was no statement that this was all of the evidence offered. For these reasons we are of the opinion that'we are not at liberty to look to this bill of exceptions to determine whether the court below ought to have granted a new trial, on the ground that the finding was against the weight of the evidence, and the judgment of the superior court will be affirmed.

Perry & Jenney and A. F· Diserens, for plaintiff in error.

Judge Worthington and Mr. Marsh, for defendant in error.

---

### JURISDICTION—JUDGMENT.    20·